DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
RONALD P. FLYNN, State Bar #184186
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3901
Facsimile:    (415) 554-3837

Attorney for Defendants
CITY AND COUNTY OF SAN FRANCISCO, and
OFFICER TIMOTHY BUELOW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OMARI MCGEE,<br><br>   Plaintiff,<br><br> vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; OFFICER TIMOTHY BUELOW #107; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No. C06-1621 CRB<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER<br><br>Date Action Filed: March 1, 2006<br>Trial Date: None Set |

IT IS HEREBY STIPULATED by and between plaintiff and defendants, by and through their respective attorneys of record, that:

1. This lawsuit arises out of plaintiff Omari McGee's alleged interaction with Officer Timothy Buelow on August 27, 2005.

2. Plaintiff Omari McGee alleges that he was unlawfully detained, searched, and arrested, and subjected to excessive force, in violation of his rights under the Federal and California constitutions and in violation of various California statutes and common laws.

3. Plaintiff Omari McGee has requested that the individually named defendant Timothy Buelow produce his personnel records, training records, and prior complaints, investigations, disciplinary actions, and charges (collectively referred to as "Personnel Records").

4. Some or all of the Personnel Records are Peace Officer Personnel Records pursuant to California Evidence Code §1043 et seq.

5. Any Personnel Records produced or disclosed by defendants and the information contained in the Personnel Records ("Personnel Information") shall be kept confidential by plaintiff and his agents and be used solely for the pending litigation in this lawsuit.

6. The parties agreed to the following terms, and join in requesting that the Court order the following:

    a. Plaintiff's counsel of record shall be responsible for ensuring compliance with the terms of this Stipulation and Protective Order;

    b. The Personnel Records and Personnel Information shall not be disclosed by plaintiffs or their agents to anyone except to the following Qualified Persons:

        (i) Counsel to the parties in this lawsuit and their agents, servants, and employees;

        (ii) Experts retained by counsel to the parties in this lawsuit;

        (iii) The parties in this lawsuit; and

        (iv) The Court, court personnel, court reporters, and the jury for this lawsuit.

Stipulation and [Proposed] Protective Order
McGee v. CCSF – USDC No. C06-1621 CRB (EDL)
1
n:\lit\li2006\061027\00394802.doc

c.  All Qualified Persons, except those listed in subsection (iv) above, must be informed of the terms of this stipulation and order, and must agree to be bound thereby, prior to disclosure.

d.  When producing any Personnel Records, defendants will label or mark them "CONFIDENTIAL." If defendants inadvertently fail to mark any Personnel Records as "CONFIDENTIAL," defendants may provide substitute copies properly marked. Within 5 days of receipt of substitute copies, the receiving party shall return the unmarked copies to defendants.

e.  No copies of Personnel Records, or those portions of documents containing Personnel Information, shall be made by plaintiff except when necessary for court filings, service of filings, deposition exhibits, and trial exhibits.

f.  No Personnel Records or Personnel Information may be filed by plaintiff except under seal, in accordance with the Civil Local Rules pertaining to filing documents under seal.

g.  On final disposition of this case, plaintiff's counsel shall promptly, upon request, return all Personnel Records and documents containing Personnel Information to counsel for the City defendants who originally provided the records.

h.  The terms of this Protective Order shall apply to any Personnel Records produced after the execution of this Stipulation, but prior to the entry of this Protective Order by the Court.

7.  This Stipulation and Protective Order addresses only those measures and procedures for handling confidential documents during this litigation before trial and does not address the admissibility of any Personnel Record or Personnel Information, produced pursuant to this Stipulation and Protective Order, on any motion at trial.

8.  Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, plaintiff does not waive his right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. If plaintiff

1  elects to initiate a challenge to a confidentiality designation, plaintiff must do so in good faith and
2  must begin the process by conferring directly (in voice to voice dialogue; other forms of
3  communication are not sufficient) with counsel for defendants. If plaintiff elects to press a challenge
4  to a confidentiality designation after considering the justification offered by defendants, plaintiff
5  may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-
6  5, if applicable) that identifies the challenged material and sets forth in detail the basis for the
7  challenge. Each such motion must be accompanied by a competent declaration that affirms that
8  plaintiff has complied with the meet and confer requirements imposed in this paragraph and that sets
9  forth with specificity the justification for the confidentiality designation that was given by
10 defendants in the meet and confer dialogue. The burden of persuasion in any such challenge
11 proceeding shall be on the defendants. Until the Court rules on the challenge, all parties shall
12 continue to afford the material in question the level of protection to which it is entitled under the
13 confidentiality designation.

    IT IS SO STIPULATED:

Dated: Aug. 25, 2006

                                        DENNIS J. HERRERA
                                        City Attorney
                                        JOANNE HOEPER
                                        Chief Trial Deputy
                                        RONALD P. FLYNN
                                        Deputy City Attorney


                                    By: _____
                                        RONALD P. FLYNN

                                        Attorney for Defendants
                                        CITY AND COUNTY OF SAN FRANCISCO, and
                                        OFFICER TIMOTHY BUELOW

1 | Dated: *Aug 21, 2006*

NANCY HERSH
CAROLE BOSCH
HERSH & HERSH
A Professional Corporation

By: /s/ Carole Bosch
CAROLE BOSCH

Attorney for Plaintiff
OMARI MCGEE

PURSUANT TO STIPULATION, IT IS SO ORDERED:

Dated: August 25, 2006

By:_____
JUDGE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

**IT IS SO ORDERED**
/s/ Judge Charles R. Breyer
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Stipulation and [Proposed] Protective Order    4    n:\li\li2006\061027\00394802.doc
McGee v. CCSF – USDC No. C06-1621 CRB (EDL)

AUG-21-2006  15:45                +14154417586                99%                P.06